## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AKUBE WUROMONI NDOROMO**<br>P.O. Box 73755<br>Washington D.C. 20056<br><div align="right">Plaintiff:</div><br><br>Vs.<br><br>**UNITED STATES OF AMERICA**<br><br>**President: George W. Bush**<br>United States of America<br>1600 Pennsylvania Avenue<br>Washington, DC. 20530<br><br>**Attorney General: Alberto Gonzales**<br>United States Department of Justice<br>950 Pennsylvania Avenue<br>Washington, DC. 20530<br><br>**D.A. Kenneth L. Weinstein**<br>United States District Attorney<br>for the District of Columbia<br>555 Fourth Street NW.<br>Washington, DC. 20530<br><div align="right">Defendants:</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Facts about the Laws of health care fraud and general forfeiture

The Voice of Social Concern Association Inc. (VSCA) by and Akube Wuromoni Ndoromo founder, president and Executive Director of Voice of Social Concern Association, Inc. (VSCA) in District of Columbia and Ndoromo Resident of the District of Columbia states the following.

The government was suppose to investigate and if found probable course then will issue a subpoenas to persons to appear before grand jury of 23 to answer questions **06  0149**

**FILED**

JAN 1 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

about the alleged fraud and if the grant jury probe that there was fraud committed then will grant the prosecutors to indict the individual(s) and scheduled the persons involved for trial and if convicted reference to 18 U.S.C. § 982 (a) (7) then the court will impose sentence to forfeit by issuance a subpoenas to produce books, records and documents reference to 18 U.S.C. § 986 and if this procedure was not followed then the search and seized was a robbery.

**1.** The government brought these robbery actions against the eight VSCA and Akube Ndoromo accounts that were robbed December 21, 2004 ($1,087,910.29) in reference to 18 USC § 2113 incorporated by 18 U.S.C. § 1001, and in violation of banking laws. By the law, 18 U.S.C. § 982 (a) (7), the court, in imposing sentence on a **"person convicted"** of a **federal health care offense**, shall order the person to forfeit property not funds in the bank account. Pursuant to Civil Asset Forfeiture Reform Act of 2000 (CAFRA 2000 signed into law on August 23, 2000 by President Clinton) 18 U.S.C. §§ 984, 983, 982, 981, 1956, 1957, or § 1960 or 31 U.S.C. §§ 5322 or 5324 CAFRA 2000 prohibits removable of deposited funds in the banks incorporated by Seven Amendment; whereby any value over $20.00 must be removed from account(s) by the twelve people juror trial. According to 18 U.S.C. § 982 (a) (1)(2), the court, in imposing on **"a person convicted"** of an offense in violation of 18 U.S.C. §§ 1956, or 1957, or 1960 of this title order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property. But if it is connected to records of accounts and books of accounts or spend funds it need subpoenas to inform all the parties in reference to 18 U.S.C. § 986 and all the parties must be supplied with subpoenas to provide books, and records. The Government may be able to

2

seize cash found in the same place of search if it is traceable to the offense (after the person is convicted). Incorporated by 18 U.S.C. § 981 (b) CAFRA 2000 need seize permits, further incorporated by Fourth Amendment warrants are needed for seized. Yet the Government didn't explain how the government obtain the Voice of Social Concern Association, Inc., accounts records (VSCA), and Akube Ndoromo accounts records in violation of Federal Deposit Insurance Act 12 USC 1813 (b) (1) (c), (3) (b) in reference to 18 U.S.C. §§ 1005, 1001 and need subpoenas (18 U.S.C. § 986) to the accounts records, but after conviction reference to 18 U.S.C. § 982. According, to 18 U.S.C. § 983 (f) CAFRA 2000 the Government must respond and release properties within 15 days of request (first request was on January 11, 2005) and if no respond the claimant can petition the court for immediate release of; funds, vehicles, and properties, but the court is involved in scheme reference18 U.S.C. § 1001, and in torturing the victims reference 18 U.S.C. § 2340.

**2.** The vehicles were seized with warrants and were direct violation of 18 U.S.C. §§ 986, 984, 983, 982, 981 or 1956 or 1957, or 1960 in reference to §§ 1961 (1), 2119, 1001. According to, Civil Asset Forfeiture Reform Act of 2000 (CAFRA 2000) 18 U.S.C. §§ 986, 984, 983, 982, 981, 1956, 1957, or 1960 or 31 U.S.C. §§ 5322 or 5324 prohibits seized of funds that were been spend; to buy the two vehicles and without conviction or trial. The government and the Magistrate Judge knew the laws prohibits seizing and search without investigation and conviction, but the Government ask for the seizure warrants intentionally assuming the victims are ignorant of the law in reference to 18 U.S.C. § 1001 and to torture the victims in reference to 18 U.S.C. § 2340. The magistrate judge knew that it was wrong to seize and search without investigation trial and

conviction, but the judge signed seized warrants intentionally, knowingly and willfully

committing perjury in reference to CA Code (pen: 118-131) incorporated by 18 U.S.C. §

1001. And will be a robbery in reference to 18 U.S.C. § 2113.

    **3.** The properties were seized during the illegally search. Pursuant to 18 U.S.C. §

983 (a) (1) CAFRA 2000 incorporated by federal rule of District of Columbia LCvR 23.1

(a) (b) the Government had 60 day with extension of 30 day if notice may have an

adverse affect. The illegally search and seized was December 22, 2004, 60 day was

February 22, 2005, the 90 day was March 22, 2005 and the Government must release the

properties seized without prejudices to government to re-seize and start process anew

now **351 days**. The CAFRA 2000 eliminates the District Director (DD) to maintain the

90 day period of action or forfeiture is barred because there will be no search and seize

without investigation, trial and conviction. This means if there is no DD no keeping of

forfeiture more than 90 day. The Title 18 U.S.C. §§ 983, 981 expressly excludes Title 26

forfeiture from its coverage of criminal investigation discovery of IRS (CAFRA 2000).

By the law, 18 U.S.C. § 982 (a) (7) the court, in imposing on a "**person convicted**" of a

**federal health care offense** can be forfeit period. The Government denied release of the

properties because it is a robbery and to inflict torture to individuals they rob in reference

to 18 U.S.C. § 2340, Eight Amendment, and Thirteen Amendment on VSCA employees,

VSCA, Akube Ndoromo, and denies our constitutionally rights reference to Fourth

Amendment, Fifth Amendment, Sixth Amendment and Seven Amendment.

    **4.** Pursuant to 18 U.S.C. § 983 (a) (3) CAFRA 2000 the Government had 90 day.

"If no action is taken within the 90 day period, then civil forfeiture is barred in

connection with that underlying offense", and incorporated by Federal Rule LCvR

4

23.1(a), (b) of District of Columbia. The time given by the law has expired, but the government intentionally ignores it to torture the victims of government robbery. In this case brought under health care fraud 18 U.S.C. § 1347 which has never happened and the District of Columbia Department of Health has its office of investigation, incase any health care provider did a mistake it will be investigated and corrected or suspended prior, to investigation. The involvement of the United States of America is to put the VSCA and Akube Ndoromo into double jeopardy in violation of our Fifth Amendment incorporated by Sixth Amendment to torture the victims in reference 18 U.S.C. § 2340. The Government allegations of health care fraud under 18 U.S.C. § 1347, has nothing to do with District of Columbia Health Department.  Further more the allegations of mail fraud 18 U.S.C. § 1341 and wire fraud 18 U.S.C. § 1343 and money laundry which Government claim to be between VSCA by opening many accounts by Ndoromo has nothing to do with VSCA. The Government also claims of 18 U.S.C. § 1961 (1) means I, Akube Ndoromo was a; killer, Drug Dealer, Briber, Stealing Government Money, Robbery just to mentioned few, this was government policy of getting away with robbery by scaring the communities away around the victims, the government knew after long time torturing of the victims they will suffered mentally to disable them following the government theft.

   **5.** The Government's arguments was based in believe that there was a health care fraud committed. According to 18 U.S.C. §§ 983 (c), and (d) CAFRA 2000 incorporated with Fifth Amendment the burden is on the Government by a **preponderance of the evidence**. Probable cause needed for seizure but will not suffice for forfeiture. The only burden on the claimant is to prove he/she is an **innocent owner**. Which VSCA and

Ndoromo had proved with evidence and there are witness if the court requested them. The witness are; (1) District of Columbia Health Department (2) VSCA employees (3) Bank of America (4) VSCA and Ndoromo former counselor Jolly Anaba.

6. Continues of civil action by the Government was to torture Mr. Ndoromo and VSCA in reference to 18 U.S. C. § 2340, incorporated by Eight Amendment and to make the VSCA and Akube Ndoromo to incriminate themselves and that is in violation of 18 U.S.C. § 981 (g) CAFRA 2000 incorporated with Sixth Amendment the court must enter protective order limiting discovery without granting stay for more than 90 day to avoid claimant's self-incrimination and torture this incase of narcotics only. Further more incorporated by Federal Rule LCvR 23.1 (a) and (b) of District of Columbia. William R. Cowden pray to the court to stay and the court knowingly granted the Government stay to torture the claimant in reference to18 U.S.C. § 2340, and Eight Amendment.

7. VSCA and Ndoromo praying to the court to take a carefully look at the factual and evidence in this case not based on believe and lies to determine this case under 18 U.S.C. § 983 (g) CAFRA 2000 which prohibits the Government not to seized the funds deposited. According to; 18 U.S.C. §§ 986, 984, 983, 982, 981, or 1956, or 1957, or 1960 or 31 U.S.C. §§ 5322 or 5324 CAFRA 2000 prohibits removable of funds deposited to the banks. There must be a conviction in the court of the law in front of 23 grant jury trial. Further more no warrants were used in seizing of the funds violation of Fourth Amendment and incorporated by 18 U.S.C. § 981 (b) CAFRA 2000 which requires permits for all the seized things and must be signed by the owner if convicted or in narcotics cases. Further more, violation of Seven Amendment which requires a jury of 12 people to determent removable of funds from bank if the value is more than $20.00. The

Government has 90 day to make the case or the case will be barred reference to 18 U.S.C.

§§ 983 (a) (3), 983 (c) or 983 (a) (1) or 983 (f) CAFRA 2000. Further more incorporated

by federal rule LCvR 23.1 (a) and (b) of the District of Columbia, but the government

ignores it to torture the claimants.

   **8.** The only burden on Ndoromo and VSCA was to prove he/she is innocent

owner, Akube Ndoromo and VSCA had proved it. And pursuant to 18 U.S.C. § 983 (a)

(3) CAFRA 2000 "If no action is taken within 90 day period, then civil forfeiture is

barred in connection with that underlying offense without prejudices", the government is

torturing the person(s) their property being forfeit in reference 18 USC 18 U.S.C. § 2340.

Further more, the judge was supposed to appoint a counselor to the defendant or

appointed representation under 18 U.S.C § 983 (b) CAFRA 2000 to VSCA and Akube

Ndoromo. The judge couldn't appoint a counselor because the judge was supporting the

Government robbery. The government has zero evidence, but the government based its

arguments on races or background discrimination and why VSCA is leading among the

other companies in District of Columbia Medicaid transportation companies and VSCA

president and employees are black from African background and Latin America.

   **9.** The VSCA and Ndoromo were requesting motion for summary judgment

under federal rule LCvR 56.1 incorporated by LCvR 7 (h) and sections (a) and (b) of this

Rule. Further incorporated by 18 U.S.C. § 983 (g) since the forfeiture derivers from

unconstitutionally seized and search reference to LCvR 65.1 taken from Rule 403 of

evidence presentation, but the judge denied because he was convinced that Akube is the

poor, the weak and the black and from African background deserved to be discriminated

and robbed. The robbery was December 22, 2004 at 6:00 AM, Akube Ndoromo rush to

the door naked when he heard somebody breaking into the apartment, the eleven or more

federal agents rush in and hand cuffed Ndoromo naked, Mr. Ndoromo was interrogated

nakedly for two hours in gun point not allowed to see what are the robberies were

collecting, but one agent brought some cloths to Ndoromo to put on. According to Mary

Khangaa's (Office Manager still under training for VSCA), in her apartment the agents

hand cuffed them in front of the three year old boy and they were told to wait outside the

apartment for the entire robbery time.

    **10-** On October 13, 2005, Akube Ndoromo visited the office of magistrate judge

John M. Facciola with an idea of recovering warrants that were used for the banks

robbery because it is still remain under seal according to magistrate judge John M.

Facciola staffs, but it was not there before. And on October 17, 2005, Akube Ndoromo

pays another visit to magistrate judge John M. Facciola to recover the original warrants

of automobiles. The receptionist couldn't locate the files she complains that it was Linda

McKinney entered those files into their system around June 2005 and it makes it hard to

locate the files. This demonstrates the patterns of William R. Cowden, Linda McKinney

and John Facciola working together to rob, kill, cheat, and torture the citizens in this time

was Akube and VSCA employees. The magistrate judge was not supposed to signed the

warrants for the accounts reference to 18 U.S.C. § 982, 1956, 1957, or 1960 incorporated

by § 986 in a situation the government brought seized and search warrants for an

accounts without trial or conviction the judge was not supposed to signed any search or

seized warrants and was suppose to accuse the government with intent to committing

robbery against innocents citizens.

### *Conclusion*

The law requires the government to investigate any individual accused of health care fraud, and if the government found probable course will issue subpoenas to individual(s) to appear before grand jury of 23 people to answer questions. If the grand jury probe that there is a case, then there will be indictment to the individual(s) to appear before the court to schedule for a trial day. If the individual(s) was convicted then the court, in imposing sentence on person(s) convicted of an offense, shall order that the person forfeit to the United States any property, real or personal involve in such offense, or any property traceable to such property. There is no law to seize funds from bank account yet in United States of America, only there is a law to subpoena records, and books of accounts after trial and conviction.

**Wherefore,** the governments created this case to rob, kill, torture and terrorized the weak, the poor, and the black Americans. The VSCA and Akube are praying to the court to protect the citizens from this barbaric government based on the laws and rights of citizens to their properties as mentioned above and reinstitution of robbed funds, automobiles, and properties, and compensation to the victims and not to allow robbers, terrorist, torturers to be the persecutors. The reinstitution and the compensation will relief; VSCA, VSCA employees, Akube Ndoromo and the Communities served from hopelessness of being terrorized, killed, tortured and robed again.

Akube Wuromoni Ndoromo

VSCA President and E. Director
3636, 16 Street NW. Apt. # B1235
Washington, DC 20010
Phone: 202-234-2313 Fax
Phone: 202-215-1158 VSCA

---

[1] The government by its attorney the United States Attorney for the District of Columbia scared the judge in two occasions on June 22, 2005 motion and on April 28, 2005 motion. The court ruled in favor of the government robbery on June 22, 2005 with fear of government treats. On June 10, 2005 William R. Cowden had to block the release of the forfeiture and defended by lie to the court about CAFRA 2000 Reforms. William R. Cowden went as far as signing in behaves of Linda McKinney and Kenneth Weinstein.

[2] The administration and judiciary intentionally, knowingly and willfully involved in serious violations of fraud, scheme, torture, and perjury against the innocent citizens in reference to 18 U.S.C. § 1001 and CA Code (pen: 118-131). Akube Ndoromo investigation revealed that the court was comfortable in engaging in serious violations of the law, but the court thought the individuals they a violating were ignorant of the law. There is no any explanations from the court why they court couldn't execute the law according to the books or as legislated.

[3] Akube Ndoromo further called the FBI local branch in District of Columbia about the bank robbery, Automobile, and properties. The FBI told Akube that there will be no any government agency(s) that will go to bank and remove funds if any government agency did that they are committing robbery, Akube also consulted all the necessary departments for consumers protection and found beyond reasonable doubt that what happen on December 21, and 22, 2004 was a perjury, and robbery (18 U.S.C. § 2113, 2119, 2112).

10